IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 11-5154 |
| | : | |
| SHIRLEY GUZIKOWSKI, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **DECEMBER 9, 2011**

Presently before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss") filed by Defendant Shirley Guzikowski ("Guzikowski"), an Answer filed by Plaintiff General Casualty Company of Wisconsin ("General Casualty"), and Guzikowski's Reply to Plaintiff's Response to Defendant's Motion to Dismiss. For the reasons explained below, the Court will grant the Motion and dismiss the case.

**I.      BACKGROUND**

This is a declaratory judgment action in which General Casualty seeks judgment regarding its duties and obligations to Guzikowski under two insurance policies it issued to her as they relate to claims arising out of a civil action against Guzikowski filed by a third party in state court.[1] Guzikowski is landowner and landlord of Newtown Depot Shopping Center in Newtown, PA. (Def.'s Mot. to Dismiss for Lack Subj. Matter Jurisd. at 2.) One of her tenants

---

[1] This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

claims to have suffered personal, as well as bodily, injuries from alleged exposure to carbon monoxide upon the premises leased by Guzikowski located in the Newtown Depot Shopping Center. (Id. at 3.) General Casualty claims that it does not owe Guzikowski a defense or indemnity of claims made against her in the underlying action for bodily injuries sustained as a result of alleged exposure to carbon monoxide. (See Compl.) General Casualty seeks to invoke a pollution exclusion clause contained in both insurance policies in order to deny coverage to Guzikowski.[2] (Id.) Specifically, the pollution exclusion clause relied upon by General Casualty, which it claims applies to negate coverage for carbon monoxide exposure claims, provides that there is an exclusion of coverage for:

> f.  Pollution
>
> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"
>
> (a)  At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

(Def.'s Mem. Law Supp. Mot. to Dismiss for Lack Subj. Matter Jurisd. at 4; Exs. 5, 6, Commercial Gen. Liability Coverage Forms.)

Guzikowski denies that such pollution exclusion is a valid premise upon which to deny her coverage. (Id.) Guzikowski claims that coverage is afforded to her under a written exception

---

[2] Pollution exclusion clauses are included in liability policies by insurance companies in order to "shield themselves from claims for injuries caused by exposure to harmful substances, irritants, contaminants, or chemicals as defined more precisely in the policies." State Auto Ins. Co. v. Summy, 234 F.3d 131, 132 (3d Cir. 2000).

to the pollution exclusion clause.  (Id. at 5.)  The written exception states:

> However, this subparagraph does not apply to:
>
> (1) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment . . . that is used to heat water for personal use, by the building's occupants or their guests.

(Id.) (emphasis added).  Guzikowski contends that the underlying state action involves allegations that a gas stove from one of her other tenants' premises, an Italian Restaurant owned by Vecchia Osteria, LLC, and/or a gas water heater on the premises caused any alleged carbon monoxide exposure.  (Id.)  Therefore, she argues that the underlying claim by the third party in state court falls within this exception and outside the scope of the pollution exclusion clause.  (Id.)

## II.   PENDING STATE COURT CASES

### A.   Isaacson Action

As discussed above, Guzikowski is being sued by one of her tenants in state court.  This action forms the underlying basis of the instant Declaratory Judgment Act claim.  Guzikowski is being sued by Catherine Isaacson, her husband, and Catherine Isaacson's business, Centre Pilates, in Isaacson v. Vecchia Osteria LLC and Shirley Guzikowski individually and t/a Newtown Depot Shopping Center, No. 2011-00864, Court of Common Pleas of Bucks County, Pennsylvania ("Isaacson Action").  (Id. at 3-4.)  The Isaacsons contend that Catherine Isaacson suffered personal and bodily injuries from alleged carbon monoxide gas which she asserts emanated from the restaurant premises leased from Guzikowski by an Italian Restaurant doing business as Vecchia Osteria, LLC.  (Id.)  The Isaacsons assert that the alleged carbon monoxide

gas was due to the restaurant's cooking without exhaust fans. (Id. at 3.) They also allege that the carbon monoxide gas came from a gas water heater located under the windows of Isaacson's leased premises. (Id. at 4)  The Isaacson's filed their complaint in the Court of Common Pleas of Bucks County, Pennsylvania, on April 22, 2011, and it is currently pending there. (Id.)

### B.    Cumberland Mutual Declaratory Action

Another action related to the Isaacson Action is also currently pending in the Bucks County Court of Common Pleas. (Id. at 5-6.)  It is a declaratory judgment action captioned <u>Cumberland Mutual Fire Insurance Company v. Vecchia Osteria, LLC t/a Vecchia Osteria By Pasquale, Catherine Isaacson individually and t/a Centre Pilates, Stanley Isaacson, Shirley Guzikowski individually and t/a Newtown Depot Shopping Center, and General Casualty Insurance Company</u>, No. 2011-05400, Court of Common Pleas of Bucks County, Pennsylvania ("Cumberland Mutual Declaratory Action"). (Id.)  This action was commenced by the insurance company for Vecchia Osteria, LLC, in an attempt to disclaim coverage due, in part, to the alleged applicability of a pollution exclusion clause. (Id. at 6.)

### C.    Guzikowski Declaratory Action

After the filing of the instant action by General Casualty, Guzikowski filed a declaratory judgment action in the Bucks County Court of Common Pleas entitled <u>Shirley Guzikowski individually and trading as Newtown Depot Shopping Center v. General Casualty Insurance Company, Catherine Isaacson individually and trading as Centre Pilates, Stanley Isaacson, Pasquale Palino, and Anna Palino trading as Vecchia Osteria, LLC and trading as Vecchia Osteria By Pasquale</u>, No. 2011-08705, Court of Common Pleas of Bucks County, Pennsylvania ("Guzikowski Declaratory Action"). (Id. at 6.)  Mirroring the facts of the instant case,

Guzikowski seeks a declaration by the state court that the pollution exclusion contained in the subject General Casualty insurance policies does not apply because of the written exemption for "[b]odily injury if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment . . . that is used to heat water for personal use, by the building's occupants or their guests." (Id. at 7.)

**III.   DISCUSSION**

General Casualty brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[3] The Declaratory Judgment Act provides, in relevant part, that a court "may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). Thus, a district court's decision to entertain an action filed under the Declaratory Judgment Act is discretionary. See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). In its discretion, a district court may "stay or dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). According to the United States Supreme Court, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their

---

[3] The Declaratory Judgment Act provides, in pertinent part, that:
> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

jurisdiction yields to considerations of practicality and wise judicial administration." Id. The Declaratory Judgment Act "confers a discretion on the court rather than an absolute right upon the litigant." Id. at 287; see also State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000).

Relying upon the discretionary nature of the jurisdiction conferred upon district courts, and the pending state courts cases, Guzikowski argues that this action should be dismissed because the issues raised here will be raised and adjudicated in the pending state court proceedings. The United States Courts of Appeals for the Third Circuit addressed a nearly identical case to this one in State Auto Insurance Companies v. Summy, 234 F.3d 131. In Summy a liability insurer filed a Declaratory Act Judgment lawsuit seeking a declaration that it did not have any duty to defend an insured landlord in a lawsuit seeking damages for injuries sustained by a child tenant after lead-based paint poisoning. Summy, 234 F.3d 131. Summary judgment to the insurer was granted based upon a pollution exclusion in the insurance policy. Id. The insured appealed, and the Third Circuit vacated the judgment holding that the district court should have declined to hear the case due to a pending state case involving the same issues. Id.

The Third Circuit based its decision on several factors including judicial economy and federal-state relations. Id. at 135. One of the main factors relied upon by the Summy Court was that insurer did not present a single federal question in the case and, therefore, "no federal interests were promoted by deciding [the] case in the District Court." Id. at 136. The Court explained that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Id.

The <u>Summy</u> Court also concluded that a pending parallel state court declaratory judgment action is a factor that favors declining jurisdiction in Declaratory Judgment Act lawsuits. <u>Id.</u> The Court focused upon the separation of federal and state courts stating that "[i]t is irrelevant that the state declaratory judgment petition was filed after its counterpart in the District Court." <u>Id.</u>  Focusing on maintaining the proper relationship between federal and state courts, the Court stated that "it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state matters." <u>Id.</u>

The <u>Summy</u> Court decision is nearly identical to this case and, therefore, dictates its outcome. Although the <u>Summy</u> lawsuit was based upon the effect of pollution exclusion clauses, and our case addresses such clauses and one of their exclusions, the holding by the Third Circuit directly applies to the instant action. Like <u>Summy</u>, the instant case does not implicate any federal interest. Thus, no federal interests would be promoted by deciding the case here in district court. <u>See</u> <u>Nautilus Ins. Co. v. Poznak</u>, No. 11-125, 2011 WL 338656, at *3 (W.D. Pa. Feb. 3, 2011) (declining to exercise jurisdiction over declaratory judgment action relying, in part, on the premise that the dispute is not governed by federal law and no federal interests were at stake); <u>Allstate Ins. Co. v. Owens</u>, No. 11-4, 2011 WL 94412, at *3 (E.D. Pa. Jan. 11, 2011) (same); <u>Farmers New Century Ins. Co. v. Lambert</u>, No. 09-121, 2009 WL 211947, at *2 (M.D. Pa. Jan. 27, 2009) (same); <u>Dixon v. Progressive N. Ins. Co.</u>, No. 08-1010, 2008 WL 4072816, at *3 (W.D. Pa. Aug. 27, 2008) (same).

In addition, it appears that the language of the specific exclusion to pollution exemption clauses in this case has not been decided upon by the Pennsylvania courts; therefore, it is a state law issue that would be ripe for state court consideration. "[W]here the applicable state law is

uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Summy, 234 F.3d at 135; see also Allstate Ins. Co. v. Century Indem. Co., No. 06-4373, 2007 WL 1575012, at *2 (E.D. Pa. May 31, 2007) ("Hence, without a showing that the applicable area of state law is unsettled, and in the absence of a parallel state-court proceeding, this Court finds the instant action does not fall within the ambit of Summy.") The fact that this case is purely a matter of state law involving an apparent novel issue, and no federal interest is implicated, weighs strongly in favor of dismissal. See Dairyland Ins. Co. v. Warman, No. 10-1476, 2011 WL 338655, at * 3 (W.D. Pa. Feb. 3, 2011) (dismissing declaratory judgment action relying, in part, upon the fact that the issues are entirely ones of state law); AMA/Am. Mktg. Assoc., Inc. v. Marple Ave. Apartments, No. 07-1650, 2007 WL 2071902, at *3 (E.D. Pa. July 17, 2007) (same).

Also similar to Summy, is the fact that there is a parallel state court proceeding pending in this case. There are several state court actions that are pending involving the facts of this case; namely, the Isaacson Action and the Cumberland Mutual Declaratory Action. However, in light of the Guzikowski Declaratory Action pending in state court, which is a parallel action to this case, this case falls squarely within the ambit of Summy. General Casualty argues that Guzikoski's filing of the Guzikowski Declaratory Action in state court after this instant action had commenced should not be permitted as a factor entitling dismissal of this case. (Pl.'s Brief in Opp'n to Def.'s Mot. to Dismiss at 6-7.) The Summy Court specifically addressed this issue concluding that the fact that the state declaratory judgment petition was filed after its counterpart in the federal court was irrelevant. Summy, 234 F.3d at 135. Consequently, we do consider the pending Guzikowski Declaratory Action as a factor which weighs strongly in favor of dismissal.

See Westfiled Ins. Co. v. Wertz, No. 10-03066, 2011 WL 2135579, at *3-4 (E.D. Pa. May 27, 2011) (exercising jurisdiction over Declaratory Judgment Act case because facts at issue in state action were not at issue in federal action and action in federal court involves well-established Pennsylvania law); Cont'l Casualty Co. v. Peerless Indus. Inc., No. 06-4621, 2007 WL 2029298, at *3 (E.D. Pa. July 11, 2007) (same).

IV.   CONCLUSION

Exercising the discretion of the Court, and pursuant to the Third Circuit's holding in Summy, we will not exercise jurisdiction over this declaratory judgment action. This dispute is purely a matter of state law, and does not involve federal law. No federal interests are at stake. The state law issue involved appears to be one of first impression, and should be addressed by the state court which already has a parallel state declaratory judgment action addressing the same issues. Thus, in the interest of comity and judicial economy, we will step back and allow the Court of Common Pleas of Bucks County, Pennsylvania, the opportunity to resolve the unsettled state matter that it already has before it. Accordingly, the Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Guzikowski is granted.

An appropriate Order follows.